AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No.  1:21-MJ- 355-DJS |
| JOHN RIVERA, | ) |
| | ) Filed Under Seal |
| Defendant | ) |

FILED JUL 0 9 2021 AT ___ O'CLOCK John M. Domurad, Clerk - Albany U.S. DISTRICT COURT - N.D. OF N.Y.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the dates of April 21 and June 1, 2021 in the county of Albany in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1), 841(b)(1)(B) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) - Distribution of a Controlled Substance (1 gram or more of lysergic acid diethylamide (LSD)) |

This criminal complaint is based on these facts:
See attached affidavit.

☒   Continued on the attached sheet.

_____
Complainant's signature

Caitlin J. Ostrowski, DEA Special Agent
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  July 9, 2021                      _____
                                          Judge's signature

City and State:   Albany, N.Y.            Hon. Daniel J. Stewart, U.S. Magistrate Judge
                                          Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Caitlin J. Ostrowski, being duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. Prior to becoming employed as a Special Agent approximately two years ago, I was employed as a Rensselaer County Sheriff's Office deputy assigned to work as a Task Force Officer with DEA since April 2008. I am currently assigned to investigate illicit drug trafficking organizations in and around Albany, New York and the greater Capital Region. As a DEA Special Agent, I received sixteen (16) weeks of training at the DEA Academy in Quantico, Virginia, where I became familiar with how controlled substances are consumed, manufactured, packaged, marketed and distributed. During my career, I have participated in hundreds of investigations of alleged criminal violations of the Controlled Substances Act.

3. I have received training pertaining to the investigation of various crimes which arise from drug trafficking. I have participated in the execution of search warrants for controlled substances, the proceeds of drug trafficking and the documentary evidence of drug trafficking. I have conducted surveillances in connection with drug investigations as well as in response to court authorized wire intercepts. My experience as a Task Force Officer and Special Agent with the DEA, my participation in the investigations of both domestic and international drug trafficking organizations, my conversations with known drug traffickers, my conversations with other Special

1

Agents of the DEA familiar with drug trafficking and money laundering, and my training and experience form the basis of my opinions and conclusions set forth below.

4.  This affidavit is intended to show merely that there is probable cause for a complaint, and consequently it does not set forth all of my knowledge about the matters under investigation. Where statements of others are related in this affidavit, they are related in substance and in part. I have set forth only the facts that I believe are necessary to establish probable cause to believe that JOHN RIVERA has violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), by knowingly and intentionally distributing over 1 gram or more of a substance that contained a detectable amount of lysergic acid diethylamide (LSD).

### INVESTIGATION AND BASIS FOR PROBABLE CAUSE

5.  In or about April 2021, law enforcement became aware that JOHN RIVERA was selling lysergic acid diethylamide (LSD) in Albany, New York. On April 22 and June 1, 2021, a confidential source ("CS") made two purchases of LSD from RIVERA. The CS is cooperating with law enforcement in order to avoid potential charges in state court arising from his/her own drug sales activity. CS has a criminal history that includes arrests for drug trafficking and drug possession.

6.  Your affiant is not aware of any instances during the above-referenced controlled purchases where CS's information was shown to be false or misleading. Information provided by CS relating to RIVERA has been corroborated by independent law enforcement observation and/or electronic monitoring of the majority of contacts that CS had with RIVERA during the two controlled purchases of LSD described below.

**First Controlled Purchase of LSD from RIVERA – April 22, 2021**

7.  On April 22, 2021, at approximately 4:40 p.m., under the direction of law enforcement, CS placed a controlled text message to RIVERA and inquired about the availability of LSD. RIVERA agreed to the sale of one "sheet" of LSD doses for $350, and directed CS to meet him at the Market 32 supermarket located at 1060 Madison Avenue in Albany, New York. Prior to arriving at that location, your affiant and a task force officer ("TFO") searched CS and his/her vehicle for money and/or contraband with negative results, and provided CS with $350 in transcribed U.S. currency. CS was also fitted with transmitting and recording devices.

8.  At approximately 4:51 p.m., your affiant and other law enforcement agents established surveillance in the vicinity of the supermarket as the CS arrived at the location. At approximately 5:07 p.m., RIVERA arrived at the location, entered the vehicle of CS, and provided the CS a sheet of LSD doses in exchange for the $350 in transcribed U.S. currency. The interaction inside CS' vehicle was video- and audio-recorded. At approximately 5:10 p.m., RIVERA exited CS's vehicle, walked away from the vehicle, and entered a nearby restaurant.

9.  Your affiant and other law enforcement agents followed CS back to a pre-determined location. Upon reaching the pre-determined location, a TFO searched CS and his/her vehicle, and recovered the recording devices, and a sheet of blotter paper with approximately 98 LSD doses on it. The sheet was subsequently analyzed at the DEA Northeast Laboratory and was found to weigh 1.291 grams, and contain 98 total doses, 25 of which were tested and determined to contain LSD. The CS stated that RIVERA indicated that he could obtain larger amounts of LSD in the future.

### Second Controlled Purchase of LSD from RIVERA – June 1, 2021

10. On June 1, 2021, at approximately 2:40 p.m., under the direction of law enforcement, CS placed a controlled text message to RIVERA and inquired about the availability of LSD. RIVERA agreed to the sale of three "sheets" of LSD doses for $840, and directed CS to meet him at an entrance to Washington Park in Albany, New York. Prior to arriving at that location, your affiant and another agent searched CS and his/her vehicle for money and/or contraband with negative results, and provided CS with $840 in transcribed U.S. currency. CS was also fitted with transmitting and recording devices.

11. At approximately 2:52 p.m., your affiant and other law enforcement agents established surveillance in the vicinity of the park entrance as the CS arrived at the location. At approximately 2:56 p.m., RIVERA arrived at the location, entered the vehicle of CS, and provided the CS three sheets of LSD doses in exchange for the $840 in transcribed U.S. currency. The interaction inside CS' vehicle was video- and audio-recorded. At approximately 2:58 p.m., RIVERA exited CS's vehicle, walked away from the park, and entered a nearby residence.

12. Your affiant and other law enforcement agents followed CS back to a pre-determined location. Upon reaching the pre-determined location, an agent searched CS and his/her vehicle, and recovered the recording devices, and three sheets of blotter paper with approximately 300 LSD doses on it. The sheets were subsequently analyzed at the DEA Northeast Laboratory and was found to weigh 3.667 grams, and contain 300 total doses, 28 of which were tested and determined to contain LSD. The CS stated that RIVERA indicated that he had access to more, good quality LSD.

## CONCLUSION

13. Based on the foregoing, there is probable cause to conclude that JOHN RIVERA has violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Distributing a Controlled Substance), by knowingly and intentionally distributing 1 gram or more of a substance that contained a detectable amount of lysergic acid diethylamide (LSD).

Attested to by the affiant,

_____
Caitlin J. Ostrowski, Special Agent
Drug Enforcement Administration

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on July ___9___, 2021, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure:

_____
HON. DANIEL J. STEWART
UNITED STATES MAGISTRATE JUDGE